UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BUCKWALTER, M.D., | |
| Plaintiff, | Case No. 2:10-cv-02034-KJD-GWF |
| vs. | **ORDER** |
| STATE OF NEVADA BOARD OF MEDICAL EXAMINERS, *et al.*, | **Motion to Stay Discovery - #35** |
| Defendants. | **Motion for Sanctions - #39** |

This matter is before the Court on Defendants' Motion to Stay Discovery (#35), filed on February 16, 2011, and Plaintiff's Opposition to Motion to Stay Discovery (#38), filed on March 1, 2011. The Court conducted a hearing in this matter on March 4, 2011.

Also before the Court is Plaintiff's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 (#39), filed on March 1, 2011, which requests the imposition of sanctions on Defendants for filing an allegedly frivolous motion to stay discovery.

**BACKGROUND**

Plaintiff Kevin Buckwalter, MD., has sued the Nevada Board of Medical Examiners, four members of the Board in their individual capacities, and the general counsel of the Board in his individually capacity, under 42 U.S.C. § 1983, for violation of Plaintiff's rights to due process of law. Count I of the Complaint (#1) alleges that Defendants violated his due process rights by falsely creating an emergency to justify a summary suspension of Plaintiff's medical license to prescribe, administer or dispense controlled substances. Count II alleges Defendants violated Plaintiff's due process rights by delaying and not conducting a hearing on the Board's complaint following the summary partial suspension of his license. The prayer for relief in Plaintiff's Complaint (#1) seeks (1) injunctive relief causing Defendants to withdraw the summary

1  suspension, (2) a declaration that Defendants should have scheduled and conducted a hearing
2  promptly after the summary suspension, (3) a declaration that Defendants did not make a good faith
3  determination that an emergency existed which necessitated emergency action (i.e. summary
4  suspension), (4) a judgment for money damages, and (5) an award of attorney's fees.

5  Defendants have filed a motion to dismiss Plaintiff's complaint on the grounds that the
6  individual Defendants are absolutely immune from suit based on judicial and prosecutorial
7  immunity and, to the extent Plaintiff attacks a decision of the Board, his complaint fails to state a
8  claim because the *Younger Abstention Doctrine*, in conjunction with Nevada law, requires the
9  Plaintiff to exhaust his administrative remedies before seeking Federal Court intervention
10 concerning the Board's preliminary findings.  The motion to dismiss is fully briefed and is awaiting
11 decision.  This matter is before the Court on Defendants' motion to stay discovery pending a
12 decision on the motion to dismiss.

**DISCUSSION**

14 A party carries a heavy burden of making a "strong showing" why discovery should be
15 stayed.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975).  The movant must show a
16 particular and specific need for a discovery stay.  It cannot base its request on stereotyped or
17 conclusory statements.  *Skellerup Industries Limited v. City of Los Angeles,* 163 F.R.D. 598, 600
18 (C.D.Cal.1995).  Whether discovery should be stayed pending the outcome of a dispositive motion
19 involves a case-by-case analysis.  The factors the court should consider include: "'[T]he type of
20 motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the
21 nature and complexity of the action; whether counterclaims and/or cross-claims have been
22 interposed; whether some or all of the defendants join in the request for a stay; the posture or stage
23 of the litigation; the expected extent of the discovery in light of the number of parties and
24 complexity of the issues in the case; and any other relevant circumstances.  *Skellerup,* 163 F.R.D. at
25 601, quoting *Hachette Distribution, Inc. v. Hudson County News Company,* 136 F.R.D. 356, 358
26 (E.D.N.Y.1991).  *See also Adobe Systems, Inc. v. Christenson*, 2011 WL 540278 (D.Nev. 2011).

27 There is a substantial likelihood that Defendants will prevail on their motion to dismiss this
28 action based on the individual Defendants' absolute immunity and *Younger Abstention*.  In *Mishler*

*v. Clift*, 191 F.3d 998 (9th Cir. 1999), the Ninth Circuit held that the members of the Nevada Board of Medical Examiners were entitled to absolute immunity in regard to their exercise of quasi-judicial or prosecutorial functions during a medical license disciplinary proceeding. The court stated:

> There is no question that acts occurring during the disciplinary hearing process fall within the scope of absolute immunity; holding hearings, taking evidence, and adjudicating are functions that are inherently judicial in nature.

*Mishler*, 191 F.3d at 1008.

The defendant who served as the prosecutor in the disciplinary proceedings was also entitled to absolute immunity for his actions in pursuing the disciplinary complaint. *Id*. *Mishler* held, however, that the Board members' refusal or failure to respond to the Ohio Medical board's inquiry about the status of plaintiff's medical license prior to the commencement of the Nevada disciplinary proceeding involved a purely a non-judicial ministerial act. Defendants were therefore not immune from liability for damages that may have been caused by their failure or refusal to respond to the inquiry. *See also Manzur v. Montoya*, 2008 WL 18957 (D.Nev. 2008) (members of the Nevada Board of Medical Examiners were absolutely immune in action alleging that they violated plaintiff's constitutional rights by revoking his medical license).

Plaintiff attempts to distinguish *Mishler* on the grounds that the Board engaged in a "non-judicial" emergency meeting on the same date that the disciplinary complaint was filed and entered an order for summary suspension of Plaintiff's license to prescribe, administer or dispense controlled substances pending resolution of the complaint. Plaintiff argues that such an *ex parte* proceeding does not involve the exercise of quasi-judicial or prosecutorial functions. The Nevada Administrative Procedures Act, NRS 233B.127 provides, however, that if the agency finds that public health, safety or welfare imperatively require emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. The requirement for prior notice under the Nevada Open Meeting Law, NRS 241.020.2, does not apply in an emergency situation.

. . .

In *Killinger v. Johnson*, 389 F.3d 765,770-71 (7th Cir. 2004), a town mayor, acting as the local liquor control commissioner, entered an *ex parte* order suspending plaintiff's liquor license pending a revocation hearing. *Killinger* cited an earlier decision, *Reed v. Village of Shorewood*, 704 F.2d 943, 951 (7th Cir. 1983), which held that a local liquor control commissioner enjoys absolute immunity when deciding whether to renew or revoke a liquor license. In holding that the mayor-commissioner was entitled to absolute immunity in regard to the summary closing order, the Seventh Circuit further stated:

> Moreover, although the findings and procedures relevant to a summary closing differ somewhat from those highlighted in *Reed*, we find a commissioner's action in this regard analogous to the issuance of a temporary restraining order, *see* Fed.R.Civ.P. 65(b), clearly a judicial function. *Beard v. Udall*, 648 F.2d 1264, 1269 (9th Cir. 1981), *overruled on other grounds by Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *cf. Dykes v. Hosemann,*, 776 F.2d 942, 948 n. 19 (11th Cir. 1985) (holding that the issuance of a temporary order of child custody constitutes a judicial function). Mayor Johnson was therefore performing a judicial function when he temporarily closed G's, fined Killinger, and suspended his license.

*Killinger*, 389 F.3d at 770.

*Killinger* noted that "judicial immunity does not apply to 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.' *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)." *Id.*, at 770. The court stated, however, that "an official does not act 'in complete absence of all jurisdiction' (citation omitted) merely because he violates a procedural rule. Mere procedural violations establish, at worst, that the official acted in excess of jurisdiction." *Id.*, at 771. In *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986), the Ninth Circuit stated that in determining if a judge acted within jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction. (citations omitted). Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party. The court also stated that jurisdiction should be broadly construed to effectuate the policies supporting immunity (citation omitted). *Ashelman* further held that absolute immunity applies even if the judicial officer or prosecutor acts in bad faith. *Id.*, 1077-79.

. . .

The Nevada Board of Medical Examiners clearly has jurisdiction to conduct disciplinary proceedings against Nevada licensed medical doctors. As part of its jurisdiction, the Board has the authority to summarily suspend a physician's medical license upon a finding that public health, safety or welfare imperatively require emergency action. Even if Defendants made grave procedural errors or acted in bad faith in issuing the summary suspension order, they are absolutely immune from civil liability for damages. Defendants' alleged wrongful delay in scheduling a hearing on the disciplinary complaint also falls within the scope of the Board's quasi-judicial functions.[1] Because it appears probable that the District Judge will grant Defendants' motion to dismiss on the basis of absolute immunity and because the underlying disciplinary proceedings are not yet complete, Defendants have met their burden of showing that discovery should be stayed pending a decision on the motion to dismiss. In light of this conclusion, there is also no basis to Plaintiff's premature motion for sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#35) pending the decision on Defendants' motion to dismiss is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 (#39) is **denied**.

DATED this 7th day of March, 2011.

GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE

---

[1] Defendants assert that the disciplinary hearing was postponed or stayed by mutual agreement of the partes while they attempted to negotiate a settlement of the Board's complaint.