UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BUCKWALTER, M.D., | 2:10-cv-2034-KJD-RJJ |
| Plaintiff, | |
| vs. | **O R D E R** |
| STATE OF NEVADA BOARD OF MEDICAL EXAMINERS; SOHAILU. ANNUM, M.D., in his individual capacity; S. DANIEL MCBRIDE, M.D., in his individual capacity; VAN V. HEFFNER, in his individual capacity; EDWARD O. COUSINEAU, in his individual capacity; DOE Defendants I through X, inclusive; and ROE Corporations A through Z, inclusive. | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (#14). Plaintiff has filed an Opposition (#19), to which Defendants have replied (#23). Also before the Court is Plaintiff's Motion for a Temporary Restraining Order (#2), to which Defendant has filed an Opposition (#18), to which Plaintiff has replied (#22).

**BACKGROUND**

Plaintiff filed two claims against Defendants alleging violations of 42 U.S.C. §1983. These claims arise from a November 12, 2008, emergency meeting of the Nevada State Board of Medical Examiners (the "Board") of which the individually named defendants are members. During that meeting, the Board made findings that "public health, safety, or welfare imperatively require emergency action" against Plaintiff's medical license. Upon so finding, the Board filed an

administrative complaint and then summarily suspended Plaintiff's ability to prescribe, administer, or dispense controlled substances.  Plaintiff alleges that although the Board filed and served a notice of pre-hearing conference and hearing, the Board failed to promptly institute proceedings as required by Nevada law and in doing so, violated Plaintiff's right to due process, specifically, notice and an opportunity to be heard.  Plaintiff further alleges that as of the date of the filing of the Complaint in this action, the Board still had not afforded Plaintiff the hearing he is entitled to. However, on March 11, 2009, the parties stipulated to vacate a formal hearing scheduled for March 18, 2009, in anticipation that the parties would be resolving the matter through a negotiated settlement agreement.  The stipulation was submitted by the attorney for the investigative committee and Bruce Buckwalter, Esq., attorney for Plaintiff Kevin R. Buckwalter.  An order was then issued by Hearing Officer Michael Griffin and filed March 17, 2009, the day before the scheduled hearing.

The gist of Plaintiff's complaint is that the Defendants have not provided a timely and adversarial post-deprivation hearing to Plaintiff, thereby depriving Plaintiff of his rights to due process.  Defendants offer, in their Motion to Dismiss, that Plaintiff will be afforded his due process rights if or when he wishes to withdraw his stipulation to vacate the formal hearing. Defendants assert as grounds for dismissal, absolute immunity and Plaintiff's failure to exhaust his administrative remedies.

**STANDARD OF LAW FOR MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

## ANALYSIS

Defendants are entitled to absolute immunity while functioning in their official capacities as members of the Nevada State Board of Medical Examiners.  It is undisputed that such individuals, while functioning in judicial or quasi-judicial official capacities are immune from suit.  There is no dispute that the Board has authority to summarily suspend licenses of physicians.  See N.R.S. 630.326-329.  There can be no dispute that the Board has authority to take emergency action where their findings indicate it is warranted.  What is required thereafter is that a hearing be scheduled not later than 45 days following the date on which the Board issues an order of summary suspension unless the Board and Licensee mutually agree to a longer period.  As noted above, a hearing was set

to begin on March 18, 2009, but was vacated upon stipulation of the parties in anticipation that the matter would be resolved through negotiated settlement. It is undisputed that the negotiations did not result in a settlement agreement and that Plaintiff has not sought to revoke or withdraw his stipulation vacating the hearing. The Board, however, through its pleadings, has made it clear that a hearing is still available to Plaintiff.

The Ninth Circuit Court of Appeals has previously determined that actions performed by the Board in the course of its duties are entitled to absolute immunity. Mischler v. Clift, 191 F.3d 998 (9th Cir. 1999). Plaintiff argues that the case is distinguishable because the instant action was a summary suspension. Plaintiff argues that summary suspension requires notice and a hearing, ignoring the fact that Nevada Revised Statutes require the matter be set for a hearing following summary suspension and that he voluntarily agreed to vacate that hearing.

It cannot be seriously disputed that there are instances where public safety requires immediate suspension of licensee privileges. No sensible person would argue that the Board would have to wait until after a hearing to suspend the privileges of a physician who was killing or even poisoning patients. Such matters require immediate action, without the delay inherent in preparing and serving notices and scheduling hearings. Due process protections are present in the right of a physician to have a hearing within 45 days after a summary suspension. Plaintiff, having agreed to vacate the hearing, has waived that right until such time as he requests the hearing be rescheduled. Defendants are entitled to absolute immunity for the judicial function exercised in their determination that the health, safety, or welfare of the public served by the physician is at risk of imminent or continued harm. See N.R.S. 630.326.

Defendants are also entitled to dismissal under the Younger Abstention Doctrine. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971). The actions of the Board are administrative proceedings that are judicial in nature. The abstention factors are all present. The state proceedings are ongoing, implicate important state interests and provide Plaintiff an adequate

opportunity to litigate federal claims. Plaintiff's stipulation to vacate the formal hearing in this matter did not conclude the state proceedings. An administrative complaint was filed against him, and has not been discharged. Plaintiff cannot bootstrap himself into the position that he was denied a hearing after having agreed to vacate that hearing.

## CONCLUSION

Defendants are entitled to absolute immunity by virtue of their judicial, quasi-judicial and quasi-prosecutorial functions. The Complaint should also be dismissed pursuant to the Younger Abstention Doctrine in view of the pending state administrative action and the remedies available to Plaintiff therein.

Accordingly, Defendants' Motion to Dismiss (#14) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order (#2) is **DENIED** as Moot.

DATED: March 25, 2011

_____
Kent J. Dawson
United States District Judge